UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:20-CV-00119-BJB-LLK

JOSH BURGIE                                                                          PLAINTIFF

v.

WALMART INC., *et al.*                                                        DEFENDANTS

## OPINION AND ORDER

Judge Benjamin Beaton referred this matter to U.S. Magistrate Judge Lanny King for hearing and determining all pretrial matters, including non-dispositive motions. [DN 19].

This matter is before the Court on a Motion to Compel.  On May 24, 2021, the Court held a status conference with all parties in attendance, wherein this Court granted Defendant Walmart Inc. leave to file a Motion to Compel.  [DN 38].  A briefing schedule was set for the anticipated Motion to Compel.  [DN 38, 41].

On June 17, 2021, Defendant filed their Motion to Compel Plaintiff's Responses to Second Set of Discovery.  [DN 43].  On July 9, 2021, Plaintiff's filed their response to the Motion.  [DN 46].  And on July 16, 2021, Defendant filed their Reply.  [DN 47].  The Motion is now fully briefed and ripe for adjudication.

For the reasons set forth herein, Defendant's Motion to Compel, [DN 43], is **GRANTED.**

## STANDARD

A party may obtain discovery of any non-privileged matter that is relevant to any issue in the case, or might lead to matter relevant to any issue in the case.  Federal Rule of Civil Procedure 26(b)(1) states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

> proportional to the needs of the case, considering the importance of
> the issues at stake in the action, the amount in controversy, the
> parties' relative access to relevant information, the parties' resources,
> the importance of the discovery in resolving the issues, and whether
> the burden or expense of the proposed discovery outweighs its likely
> benefit. Information within this scope of discovery need not be
> admissible in evidence to be discoverable.

A party "resisting discovery bears the burden to establish that the material either does not come within the scope of relevance or is of such marginal relevance that the potential harm resulting from production outweighs the presumption in favor of broad disclosure." *Invesco Int'l (N.A.), Inc. v. Paas*, 244 F.R.D. 374, 380 (W.D. Ky. 2007). To resist Defendant's discovery that appears relevant, the Plaintiff "bears a heavy burden of demonstrating that disclosure will work a clearly defined and very serious injury." *Id.* (citing *Empire of Carolina, Inc. v. Mackle,* 108 F.R.D. 323, 326 (S.D.Fla.1985).

Relevance is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Albritton v. CVS Caremark Corp.*, 2016 WL 3580790, at *3 (W.D. Ky. June 28, 2016) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). However, the scope of discovery is not unlimited. "On motion or on its own, the court must limit the frequency or extent of discovery . . . if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Id.* (quoting FED. R. CIV. P. 26(b)(2)(C)(iii)). The determination of "the scope of discovery is within the sound discretion of the trial court." *Cooper v. Bower*, No., 2018 WL 663002, at *1 (W.D. Ky. Jan. 29, 2018), *reconsideration denied*, 2018 WL 1456940 (W.D. Ky. Mar. 22, 2018) (quoting *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)).

## DISCUSSION

Defendant's Motion to Compel seeks answers to their "Second Set of Interrogatories and Requests for Production of Documents."  [DN 43].  Specifically, Defendant seeks responses to Interrogatories one, two and three, and to Document Request one:

> **INTERROGATORY NO. 1:** Please state the name and address of all children born to Josh Burgie and provide the child's full name as it appears on their birth certificate, date and place of birth, marital status, Social Security number, and the name, address and telephone number of each child's mother.
> . . .
> **INTERROGATORY NO. 2:** Please state the name and address of all children born to Destiny Burgie and provide the child's full name as it appears on their birth certificate, date and place of birth, marital status, Social Security number, and the name, address and telephone number of [] each child's father.
> . . .
> **INTERROGATORY NO. 3:** Please state whether H Burgie, or any of his siblings, have ever been removed from their home and placed in a foster home or protected custody by the Kentucky Cabinet for Health and Family Services. If so, please provide the name of the child, the date they were removed, the reason for the removal, and the name, address and telephone number of the social worker involved in the removal.
> . . .
> **REQUESTS FOR PRODUCTION OF DOCUMENTS . . . NO. 1:** Pursuant to CR 34, you are requested to produce and/or permit inspection and copying of the following within thirty (30) days of the date of service hereof: (a) Any documents, correspondence, email or court documents responsive to Interrogatory No. 3.

*Id.*  It is undisputed that the Plaintiff has only provided the names of the children.  To all other discovery outlined above, the Plaintiff objected claiming each "request is not calculated to lead to the discovery of admissible evidence." [DN 43 at 8-9, 46 at 2].[1]

---

[1] This is not the correct standard.  Not only was the language changed in 2015, it was changed to prevent this exact misuse of the standard: "The phrase has been used by some, incorrectly, to define the scope of discovery."  Fed. R. Civ. P. 26 advisory committee's note to the 2015 amendment.  Similarly, the specific

This Court will determine whether the Plaintiff "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. C. P. 26. This standard is facially broader than the standard determining admissibility. *Id.* ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). This decision shall not prejudge how the information sought here will be utilized in further discovery.[2]

The dispute is wholly over the relevance of the addresses, dates of birth, marital status, social security numbers, and telephone numbers of the children. Plaintiff asserts the information is irrelevant and that, "[h]ere, Wal-Mart has brought this Motion to Compel with no legal justification asserting why the information is relevant." [DN 46 at 6].

Plaintiff argues that Defendant mischaracterizes past events to create a deceptive timeline. Specifically, "the Defendant has created this timeline in accordance with its own agenda as there is no factual evidence which could reveal if these healed fractures are from after the incident at Wal-Mart or even years before the incident." [DN 46 at 9]. However, even with no reliance on the timeline, Defendant provides exhibits and specific facts that meet their burden for relevance.

In 2017, Destiny Burgie provided sworn testimony in a motion for protective order that Josh Burgie "nugged/kicked over" H.B. and proceeded to scream at the child when he was one year old. [DN 43-13]. This was issued and restrained Josh Burgie from both Destiny Burgie and H.B. *Id.* In 2019, Destiny Burgie plead guilty to criminal abuse. [DN 43-10, 43-11]. Also, that

---

arguments made by Plaintiff regarding admissibility are premature and inapposite the law, [DN 46 at 9]; child abuse is not a character trait.

[2] Plaintiff argues "courts in the Sixth Circuit have determined that interrogatories under Fed.R.Civ.P. 33 may only be used to obtain information from other parties, not non-parties." [DN 46 at 6 (citing *Ellison v. Runyan*, 147 F.R.D. 186, 188 (S.D. Ind. 1993)]. However, here no information is sought *from* other parties at this stage, only *about* other parties. Further, this is a court in the seventh circuit citing the federal circuit.

year, the Kentucky Department for Community Based Services requested the same information as here in their investigation into the treatment of H.B. [DN 43-6]. That department removed H.B. due to child abuse and neglect; only permitting supervised visitation with the parents. [DN 43-7, 43-8]. Meanwhile, Plaintiff's argument rests solely on their assertion that: "there is no factual evidence which could reveal if these head fractures are from after the incident at Wal-Mart or even years before the incident[,]" while depriving Defendant of the same. [DN 46 at 9]. To be sure, Plaintiff's repeated allegation that Defendants have no citation that specifically pertain to H.B. are false, [DN 8-10], but under the standard it is not necessary to provide specific evidence that 'pertains directly to H.B.' in order to have these discovery requests met.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel, [DN 43], is **GRANTED.** This ruling shall not prejudge the scope through which the evidence may be used.

**IT IS SO ORDERED.**

September 3, 2021

**Lanny King, Magistrate Judge**
**United States District Court**

c:      Counsel of Record